United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PATTERSON, | ) No. C 08-5423 MMC (PR) |
| Petitioner, | ) |
| | ) **ORDER GRANTING MOTION TO** |
| v. | ) **DISMISS PETITION AS UNTIMELY** |
| | ) |
| LARRY SMALL, Warden, | ) **(Docket No. 9)** |
| Respondent. | ) |
| _____ | ) |

      On December 2, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is respondent's motion to dismiss the petition as untimely. Petitioner has opposed the motion and respondent has filed a reply.

## BACKGROUND

      On May 12, 2003, in the Superior Court of Alameda County ("Superior Court"), petitioner was sentenced to forty-two years to life in state prison after a jury convicted petitioner of first-degree murder and robbery. The jury also found true an allegation that petitioner had personally used a deadly weapon in committing the murder and the special circumstance that the murder was committed while petitioner was engaged in the commission of a robbery. (Mot. to Dismiss Ex. A; Opp'n Ex. K(1).) On July 11, 2003, petitioner was sentenced to life in prison without the possibility of parole. (Opp'n Ex. K(1).)

      On October 21, 2005, the California Court of Appeal affirmed the judgment. (Mot. to

Dismiss Ex. A.) On January 18, 2006, the California Supreme Court denied the petition for review. (Id. Ex. B.)

On January 12, 2007, petitioner filed a habeas petition in the California Superior Court. The petition was denied on January 18, 2007. (Id. Ex. C.)

On February 26, 2007, petitioner filed in this district a federal petition for a writ of habeas corpus. See Patterson v. Scribner, No. C 07-1182 MMC (PR). The Court, by order filed May 15, 2008, granted respondent's motion to dismiss the petition as wholly unexhausted and, by that same order, denied petitioner's motion to stay the petition while he gathered the materials to file a fully-exhausted petition in federal court. See id. Docket No. 17.

While petitioner's federal habeas petition was pending, he filed, on July 9, 2007, a habeas petition in the California Court of Appeal, which petition was denied on July 13, 2007. (Reply Ex. G.)

On August 9, 2007, petitioner filed another habeas petition in the California Court of Appeal. That petition was denied on August 17, 2007. (Mot. to Dismiss Ex. D.)

Thereafter, on October 19, 2007, petitioner filed a habeas petition in the California Supreme Court, which petition was denied on April 9, 2008. (Id. Ex. E.)

On June 20, 2008, petitioner filed another habeas petition in the California Supreme Court. On November 12, 2008, that petition likewise was denied. (Id. Ex. F.)

Petitioner filed the instant petition on December 2, 2008.

## DISCUSSION

A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the

1 expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  Time during
2 which a properly filed application for state post-conviction or other collateral review is
3 pending is excluded from the one-year time limit. Id. § 2244(d)(2).

4       When determining whether a petition has been timely filed under AEDPA, the court
5 calculates the one-year period in accordance with Rule 6 of the Federal Rules of Civil
6 Procedure, the general rule for computing time in federal courts. See Patterson v. Stewart,
7 251 F.3d 1243, 1246 (9th Cir. 2001). Specifically, under Rule 6, the day of the event that
8 triggers the time period is excluded from the computation, while the last day of the time
9 period is included. Fed. R. Civ. P. 6(a)(1). Here, petitioner's judgment became final on
10 direct appeal on April 18, 2006, ninety days after the California Supreme Court denied
11 review, and the date on which the time for petitioner to file a petition for a writ of certiorari
12 from the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th
13 Cir. 1999). Applying Rule 6 to the dates herein, the limitations period began to run on
14 April 19, 2006, and, absent tolling, petitioner had until April 19, 2007, to file a timely habeas
15 petition in federal court. As the instant petition was not filed until December 2, 2008, the
16 petition, absent statutory or equitable tolling, is untimely

17 B.    Statutory Tolling

18       As noted, the one-year statute of limitations is tolled for the "time during which a
19 properly filed application for State post-conviction or other collateral review with respect to
20 the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of
21 limitations is not tolled, however, during the period between the date on which the relevant
22 final decision under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first state
23 collateral challenge is filed. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

24       Here, the limitations period began to run on April 19, 2006, and continued to run for
25 269 days, until the day petitioner filed his first state habeas petition in the Superior Court, on

---

27 [1]In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 
28 2244(d)(1)(B)-(D).

3

January 12, 2007.

### 1. Continuous Tolling of the Limitations Period

Ordinarily, the one-year limitations period is tolled under § 2244(d)(2) from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. Carey v. Saffold, 536 U.S. 214, 219-20 (2006). Consequently, in the instant case, the limitations period would be tolled continuously from January 12, 2007 until November 12, 2008. In Evans v. Chavis, 546 U.S. 189 (2006), however, the United States Supreme Court clarified that "only a timely appeal" tolls the one-year statute of limitations, and "in California, 'unreasonable' delays are not timely." Id. at 197 (emphasis in original).[2] Here, respondent argues, petitioner is not entitled to continuous tolling of the limitations period because petitioner unreasonably delayed in filing his second state habeas petition in the California Court of Appeal on August 9, 2007, a date almost seven months, specifically 204 days, after the Superior Court denied his petition on January 18, 2007.

In response, petitioner makes the following arguments that he is entitled to continuous tolling of the limitations period.

### a. Timely Appeal

Petitioner asserts he is entitled to continuous tolling because his direct appeal and petition for review were timely filed, respectively, in the California Court of Appeal and California Supreme Court. Those filings, however, cannot toll the one-year statute of limitations because they were filed before the statute began to run. See Bowen, 188 F.3d at 1159 (holding one-year statute of limitations begins to run ninety days after petition for review denied).

---

[2]In so holding, Evans reiterated the holding of Carey v. Saffold, 536 U.S. 214 (2002), specifically, that the requirement that an appeal be filed without unreasonable delay applies, by analogy, to the filing of petitions for appellate review under California's collateral review process, wherein a state prisoner may seek review of an adverse lower court decision by filing an original petition rather than a notice of appeal. Id. at 192-93.

b.    Petitioner's First Habeas Petition in the California Court of Appeal

Petitioner next asserts he is entitled to continuous tolling of the statute of limitations because he did not unreasonably delay in filing his first habeas petition in the California Court of Appeal on July 9, 2007, a date only 172 days after his Superior Court petition was denied.

In response to petitioner's argument, respondent first notes that the Court of Appeal denied petitioner's first habeas petition with a citation to In re Hillery, 202 Cal. App. 2d 293, 294 (1962), which holds that a state appellate court has discretion to refuse to issue a writ of habeas corpus as a matter of original jurisdiction where the petitioner has not first presented his claims to the superior court. Respondent then argues that a petition denied with a citation to Hillery is not "properly filed" within the meaning of the statute of limitations, and, consequently, does not serve to toll the limitations period. See 28 U.S.C. § 2244(d)(2) (providing that time during which "properly filed" application for state post-conviction or other collateral review is pending is excluded from one-year time limit).

The Ninth Circuit has not addressed the issue of whether a state habeas petition denied with a citation to Hillery is "properly filed" for purposes of statutory tolling. The district courts that have addressed the question have differed in their conclusions. Compare Hebert v. Marshall, 2009 WL 3055209, at *3 (E.D. Cal. Sept. 14, 2009) (finding Hillery citation indicating Court of Appeal's discretionary declination of original jurisdiction does not mean petition improperly filed) and Romero v. Ryan, 2007 WL 4984060, at *5 (S.D. Cal. Dec. 21, 2007) (same), with Ramirez v. Campbell, 2006 WL 3114287, at *2-3 (E.D. Cal. Nov. 1, 2006) (holding petition denied with citation to Hillery not properly filed because petitioner should have properly raised claims first in superior court) and Perez v. Felker, 2006 WL 2792412, at *3 (E.D. Cal. Sept. 27, 2006) (same). This Court, however, need not decide whether petitioner's first state habeas petition was properly filed because, even if it was, the Court must apply Chavis and determine whether the petition was filed within what California would consider a reasonable period of time. See Chavis, 546 U.S. at 197-98 (holding where state court does not clearly indicate whether petition was timely under California law, federal

5

court must examine delay and determine whether petition was filed within what California would consider reasonable period of time).

In Chavis, there was an unexplained six-month delay between the denial of the petitioner's state habeas petition in the California Court of Appeal and the filing of his subsequent petition in the California Supreme Court. Chavis found the delay unreasonable, holding as follows:

> Six months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable. Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Saffold.

Id. at 201 (internal quotations and citations omitted).

Chavis thus made clear that, in California, an unjustified delay of six months, or 180 days, is presumptively unreasonable. Additionally, the Ninth Circuit recently held that unexplained delays of 115 and 101 days are unreasonable. See Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010). Here, as noted, the length of delay between the Superior Court's denial and petitioner's first filing in the Court of Appeal was 172 days. Consequently, the Court finds that, absent justification, California would consider such delay unreasonable.

Petitioner maintains his delayed filing in the Court of Appeal was justified because his first federal habeas petition, Patterson v. Scribner, No. C 07-1182 MMC (PR), served to toll the statute of limitations while said petition was pending in this court from February 26, 2007 until May 15, 2008. Petitioner's argument is without merit, as an application for federal habeas relief does not toll the statutory limitations period. Duncan v. Walker, 533 U.S. 167, 180-81 (2001).

Additionally, petitioner argues his delayed filing was justified because, on May 30, 2007, he sent a letter to the Court in his then pending first federal habeas action, stating he realized he had mistakenly filed his case as a civil action, and asking the Court to transfer the case to the "Appellate Court's Criminal Dept." (Opp'n Ex. E.) Petitioner asserts that the

6

intent of his letter was for the Court to transfer his federal petition to the California Court of Appeal, and that the Court's failure to do so caused him to delay filing his first petition in the California Court of Appeal.

The Court finds petitioner's argument unpersuasive. In his letter, petitioner did not expressly state he wanted his petition transferred to the California Court of Appeal; rather, the letter indicated petitioner believed his federal habeas petition should have been filed as a criminal, rather than a civil, action. Because a federal habeas action, however, is a civil action, see 28 U.S.C. § 2254, the petition had been properly filed as such and there was no need for the Court to "transfer" the petition. Further, even if it had been clear from petitioner's letter that he was seeking the transfer of his petition to the California Court of Appeal, petitioner has cited no authority for the proposition that this Court should or could have transferred a federal petition to state court, or that the state court would have accepted the petition as a properly filed state habeas petition. Moreover, petitioner's delay in filing his first petition in the California Court of Appeal cannot be justified by any such asserted failure to transfer because petitioner did not file his letter requesting a transfer until 133 days after the denial of his Superior Court petition.

Based on the above, the Court concludes petitioner is not entitled to continuous tolling of the limitations period for the 172 days of unreasonable delay that elapsed between the denial of his Superior Court petition and the filing of his first habeas petition in the Court of Appeal.

2. Other Statutory Tolling

Petitioner is entitled to statutory tolling for the 493 days that elapsed between the filing of the first petition in the Court of Appeal on July 9, 2007 and the denial of the petition for review by the Supreme Court on November 12, 2008. On November 13, 2008, the day after the Supreme Court's last denial, the statute of limitations began to run, and it continued to run for twenty days, until petitioner filed the instant petition on December 2, 2008.

3. Conclusion

In sum, by the time petitioner filed his federal habeas petition, the following periods

7

1  of time had run against the statute of limitations: (1) 269 days before the filing of petitioner's
2  Superior Court petition on January 12, 2007; (2) 172 days between the Superior Court's
3  January 18, 2007 decision and the filing of the first petition in the Court of Appeal on July 9,
4  2007; (3); and 20 days between the California Supreme Court's November 12, 2008 denial of
5  the petition for review and the filing of the instant petition on December 2, 2008.  In total,
6  461 days elapsed from the date on which petitioner's state conviction became final and the
7  date on which petitioner filed the instant federal habeas petition.  As 461 days exceeds the
8  one-year limitations period, respondent's motion to dismiss the petition as untimely will be
9  granted, unless petitioner can show he is entitled to equitable tolling of the statute of
10 limitations.

11 C.     Equitable Tolling

12        AEDPA's one-year statute of limitations is subject to equitable tolling.  Holland v.
13 Florida, --- S. Ct. ----, 2010 WL 2346549, at *12 (U.S. June 14, 2010).  A petitioner is
14 entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently
15 and (2) that some extraordinary circumstance stood in his way and prevented timely filing.
16 Id.  Here, in opposition to the motion to dismiss, petitioner does not argue he is entitled to
17 equitable tolling, and no ground for such tolling is apparent from the record that has been
18 developed in this matter.  Accordingly, the Court finds the petition is not rendered timely on
19 the basis of equitable tolling.

20 D.     Actual Innocence

21        Petitioner asserts in opposition to the motion to dismiss that even if his petition is
22 found untimely, he should be allowed to proceed with his claims because he was wrongly
23 convicted due to a "miscarriage of justice."  (Opp'n at 1.)

24        A federal court may hear the merits of successive, abusive, or procedurally defaulted
25 claims where the failure to hear the claims would constitute a "miscarriage of justice."
26 Sawyer v. Whitley, 505 U.S. 333, 339-40 1992).  As the Supreme Court explained in Schlup
27 v. Delo, 513 U.S. 298 (1995), however, the exception is limited to habeas petitioners who
28 can show that "a constitutional violation has probably resulted in the conviction of one who

8

is actually innocent." Id. at 327. Further, the Ninth Circuit recently has made clear that there is no "actual innocence exception" to the one-year statute of limitations for filing a federal habeas petition. See Lampert v. Lee, – F.3d –, 2010 WL 2652505, at *8 (9th Cir. July 6, 2010). Accordingly, the actual innocence exception is not applicable herein.

## CONCLUSION

For the reasons stated above, the respondent's motion to dismiss the petition as untimely is hereby GRANTED.

This order terminates Docket No. 9.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: August 6, 2010

_____
MAXINE M. CHESNEY
United States District Judge

9