IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PATTERSON, ) | No. C 08-5423 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| ) | |
| v. ) | |
| ) | **(Docket No. 24)** |
| LARRY SMALL, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On December 2, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 6, 2010, respondent's motion to dismiss the petition as untimely was granted, judgment was entered in respondent's favor, and the case was closed. On October 21, 2010, the Court granted petitioner's first request for an extension of time to file a notice of appeal and instructed petitioner to file the notice of appeal within 14 days, i.e., by November 4, 2010. On May 10, 2011, the Court denied as untimely petitioner's second request for an extension of time to file a notice of appeal.

Petitioner has now filed a notice of appeal and request for a certificate of appealability, wherein petitioner argues, for the first time, his appellate counsel on direct review failed to fully exhaust his claims in the California Supreme Court. According to

petitioner, because counsel failed to "perfect" petitioner's direct appeal (see App. for COA at 4), petitioner was forced to return to state court to exhaust his claims, preventing him from bringing his federal habeas petition within the one-year time limit.

The Ninth Circuit has stated, however, that counsel's failure to perfect an appeal from a conviction, without more, is not an "extraordinary circumstance" warranting equitable tolling. Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010). Irrespective of whether his counsel failed to perfect a direct appeal, petitioner was able to pursue state post-conviction habeas proceedings pursuant to Cal. Const., art. I, § 11. As stated in the Court's August 6, 2010 order of dismissal, petitioner unreasonably delayed in pursuing those proceedings.

In sum, petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the request for a certificate of appealability is hereby DENIED.

The Clerk shall forward this order, along with the case files in 08-5423 MMC (PR) and 07-1182 MMC (PR), to the United States Court of Appeals for the Ninth Circuit, from which petitioner may also seek a certificate of appealability. See United States v. Asrar, 116 F.3d 1268, 1270 n.2 (9th Cir. 1997).

This order terminates Docket No. 24.

IT IS SO ORDERED.

DATED: May 20, 2011

_____
MAXINE M. CHESNEY
United States District Judge