United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PATTERSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LARRY SMALL, Warden,<br><br>　　　　Respondent.<br>_____ | No. C 08-5423 MMC (PR)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE MOTION TO VACATE JUDGMENT**<br><br>**(Docket No. 35)** |

　　On August 6, 2010, the Court granted respondent's motion to dismiss as untimely the above-titled pro se petition for a writ of habeas corpus; judgment was entered that same date. On May 20, 2011, the Court denied petitioner's request for a certificate appealability ("COA"). Petitioner then sought a COA in the United States Court of Appeals for the Ninth Circuit, which was denied on October 25, 2011. On October 1, 2012, the United States Supreme Court denied certiorari.

　　Petitioner has now returned to this Court by filing a request "to extend the time to file a writ of mandate to vacate judgment, and or extend the time to file a 60(b) motion," which the Court construes as a motion for an extension of time to file a motion to vacate judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

　　A Rule 60(b) motion "must be made within a reasonable time," and for a motion under Rule 60(b)(1), (2) or (3), not more than a year after the entry of the judgment, see Fed.

R. Civ P. 60(c)(1), which time period is not extended by a pending appeal, see Greater Boston Television Corp. v. F.C.C., 463 F.2d 268, 280 (D.C. Cir. 1971).  Here, petitioner has not specified the subsection of Rule 60(b) upon which he intends to rely or the particular factual or legal basis he will assert in his proposed motion.  Moreover, as noted above, judgment in the instant action was entered over two years ago.  Petitioner does not explain why he waited over two years to bring a Rule 60(b) motion, and the Court finds, in light of said delay, the motion cannot be "made within a reasonable time."

Further, a Rule 60(b) motion ordinarily cannot be used as a means to reopen a decision by the Court of Appeals.  "The rule is well established that a district court must comply strictly with the mandate rendered by the reviewing court. . . . Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations."  Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America, 962 F.2d 1528, 1534 (10th Cir. 1992).  As noted, petitioner does not state the basis for his proposed motion to vacate judgment, let alone demonstrate an extraordinary situation justifying such relief.

Accordingly, petitioner's request for an extension of time to file a motion to vacate judgment is hereby DENIED.

This order terminates Docket No. 35.

IT IS SO ORDERED.

DATED: January 9, 2013

MAXINE M. CHESNEY
United States District Judge